IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WINDELL GIVANCE                                                                              PLAINTIFF

           v.                              Civil No. 13-2138

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Windell Givance, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.    Procedural Background:

The Plaintiff filed his applications for DIB and SSI on September 6, 2011, alleging an onset date of December 1, 2009, due to chronic pancreatitis and depression.  Tr. 30-31, 113-127, 145, 163-164, 176.  His claims were denied both initially and upon reconsideration.  Tr. 52-55.  An administrative hearing was then held on May 11, 2012.  Tr. 25-51.  Plaintiff was both present and represented at that hearing.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 47 years old and possessed a high school education. Tr. 31. He had past relevant work ("PRW") as a parts inspector, hand packager, hotel chef, and assistant fast food manager. Tr. 34-36, 47-48, 146, 153-162.

On July 2, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's chronic gastritis and pancreatitis did not meet or equal any Appendix 1 listing. Tr. 15-16. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform a full range of light work. Tr. 16. The ALJ then concluded that Plaintiff could return to his PRW as a parts inspector and assistant fast food manager. Tr. 19.

The Appeals Council denied Plaintiff's request for review on April 24, 2013. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 14, 18.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial

2

evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.  The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

Of particular concern to the undersigned is the absence of a mental RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, records reveal that Plaintiff suffered from chronic pancreatitis and gastritis, conditions the ALJ found to constitute severe impairments. The evidence makes clear that Plaintiff sought out emergency room treatment for these conditions on at least a dozen

occasions during the relevant time period (December 11, 2009; April 10, 2010; February 25, 2011; February 27, 2011; April 27, 2011; November 2, 2011; December 20, 2011; November 27, 2012; November 29, 2012; December 5, 2012; December 7, 2012; and December 15, 2012). Each time, he was administered IV fluids and prescribed prescription pain and anti-nausea medications (Zofran and/or Phenergan). Tr. 213-237, 253-255, 273-275, 300-324, 345-349, 357-374, 377-386, 388-395, 396, 403-412, 413-419, 422-423. And, contrary to the ALJ's assertion that this treatment was conservative in nature, we note that it is the treatment regimen prescribed for pancreatitis. Mayo Foundation for Medical Education and Research, *Pancreatitis: Treatments and Drugs*, http://www.mayoclinic.org/diseases-conditions/pancreatitis/basics/treatment/con-20028421(last accessed April 1, 2012). We can find no indication in the record that Plaintiff was a candidate for surgical intervention.

The record contains only one RFC assessment, completed by a non-examining, consultative examiner, who concluded that Plaintiff's impairments were "non-severe." Tr. 342-344. In spite of this, the ALJ failed to send Plaintiff' for a consultative examination or to request that his treating doctor at the Good Samaritan Clinic complete an RFC assessment. And, without such an assessment, there is no evidence in the record to indicate Plaintiff's work-related limitations resulting from his impairments. Accordingly, we believe that remand is necessary to allow the ALJ to obtain an RFC assessment from an examining source. Given the frequency of Plaintiff's "flare-ups", inquiries posed to the examiner should include questions concerning the frequency and length of Plaintiff's absences from work. This information should then be included in a hypothetical posed to a vocational expert.

## V. Conclusion:

Accordingly, we find that the ALJ's decision is not supported by substantial evidence and recommend that it be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 2nd day of April 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)